Filed 1/4/21  Vanklive v. Superior Court CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NEDELKA VANKLIVE<br><br>      Petitioner,<br><br>v.<br><br><br>THE SUPERIOR COURT OF ALAMEDA COUNTY,<br><br>      Respondent;<br><br><br>JOHNSON & JOHNSON, ET AL.,<br><br>      Real Parties in Interest. | A161572<br><br>(Alameda County<br>Sup. Ct. No. RG20062734) |

BY THE COURT[1]:

In accordance with the December 16, 2020 order stating our intent to do so, as well as respondent superior court's December 21, 2020 order declining to comply with that order beforehand, we will direct issuance of a peremptory writ in the first instance.  (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.)  Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further

---

**1** Before Kline, P.J., Stewart, J., and Miller, J.

briefing, and oral argument.  (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)  In addition to the petition, supporting record and applicable law, this court has considered respondent superior court's December 21st order, as well as the parties' subsequent written responses and exhibits, in reaching its decision.

Therefore, let a peremptory writ of mandate issue directing respondent superior court to (1) set aside and vacate its December 2, 2020 order granting real parties' motion to stay proceedings based upon forum non conveniens and enter a new and different order denying real parties' motion in its entirety and (2) immediately convene a case management conference for the purpose of setting a new trial date as soon as practicable considering respondent superior court's September 11, 2020 order granting petitioner's motion for trial preference under section 36, subdivisions (d) and (e), of the Code of Civil Procedure and the procedural posture of the case.

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)  Considering the circumstances of this case, the parties are reminded they may stipulate to immediate issuance of the remittitur upon the finality of this opinion as to this court.  (Cal. Rules of Court, rules 8.272(c)(1) and 8.490(d).)